Filed 12/26/13  P. v. Hazelwood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE, | C074038 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRF0367) |
| v. | |
| THOMAS LEE HAZELWOOD, | |
| Defendant and Appellant. | |

Following an incident with his landlord, a jury found defendant Thomas Lee Hazelwood guilty of the unlawful driving or taking of a vehicle (as well as other crimes). On appeal, defendant contends there was insufficient evidence to support the specific intent element of the unlawful driving or taking conviction.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Relevant to this appeal, the facts are as follows.  Defendant and his girlfriend lived in a trailer on the property of Jack Podsedly and his wife, Helen Steenman, in exchange for defendant doing work for the married couple.  On a day in early July, Steenman asked

1

defendant and his girlfriend to move out because defendant was not completing work as arranged. Defendant said he would not move

In mid-July, Steenman and Podsedly were home and heard yelling coming from defendant's trailer, and the two saw a car stuck by his trailer. Podsedly rode his three-wheel all terrain vehicle (ATV) toward defendant's trailer to see what was going on. As Podsedly was driving toward defendant's trailer, defendant rushed at Podsedly, grabbing and shaking the handlebars and screamed at Podsedly. Podsedly reversed his ATV, causing defendant to release his grip on the handlebars, and Podsedly went to park along the side of the driveway. Podsedly next remembers getting up off the ground and seeing defendant sitting on the ATV.

Defendant then closely followed Podsedly back down the driveway, hitting him with the front of the ATV and knocking him down. Defendant ran over Podsedly's left leg with the ATV. Trying to avoid defendant, Podsedly "zigzagged" down the driveway toward his house. Podsedly got to a shed where he knew defendant could not get to him on the ATV. Defendant got off of the ATV and attacked Podsedly.

Defendant told Podsedly that he was going to take the ATV. Defendant's girlfriend showed up and started trying to hit Podsedly as well. Podsedly then fled toward his house. Defendant's girlfriend followed Podsedly toward his house, continuing to hit him, and then defendant pulled up on the ATV and he and his girlfriend left on the ATV.

Later, Podsedly found the ATV near his property. Defendant believed he left the ATV on Podsedly's property. Defendant said he did not take the ATV back to Podsedly because it had already been used as a weapon against him.

Defendant was charged with four crimes, including the unlawful driving or taking of a vehicle. At trial, defendant testified that he and his girlfriend drove off on the ATV and that he wanted her away from the situation so she and Podsedly would not fight

2

anymore.  A jury found defendant guilty of all four counts.  On appeal, defendant challenges only his conviction of unlawful driving or taking of a vehicle.

DISCUSSION

Pointing to only his own testimony, defendant argues that the "evidence was insufficient as a matter of law to support the specific intent element required for unlawful driving or taking of a vehicle because [he] did not intend to deprive [Podsedly] of his ATV for either a temporary or permanent period of time."  We disagree.

"Before the judgment of the trial court can be set aside for the insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury."  (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)

Defendant argues that "[h]e used the ATV to remove himself and [his girlfriend] from the altercation with [Podsedly].  After driving away from the scene of the fight, [defendant] left the ATV on what he believed to be [Podsedly's] property.  Under these circumstances it cannot be said beyond a reasonable doubt that [defendant] specifically intended to deprive [Podsedly] of the ATV."

Defendant is wrong for two reasons.  First, as noted above, defendant points to only his own testimony on appeal.  In a sufficiency of the evidence claim, we will not evaluate the credibility of testimony on appeal.  Assessing the credibility of witnesses remains the exclusive province of the trial judge or jury.  (*People v. Smith* (2005) 37 Cal.4th 733, 739.)  Given the verdict, we assume the jury believed the victim rather than defendant.  Accordingly, an argument premised entirely on defendant's version of events carries no weight.  Second, even if the jury believed defendant was only trying to "remove" his girlfriend from the situation, there was still substantial evidence of his

3

specific intent to temporarily deprive Podsedly of possession of the vehicle.[1] Defendant's *motive* for taking the ATV is irrelevant. Even if he had been driving or taking the ATV to drive someone to the hospital, there still would have been the required specific intent to temporarily deprive the owner of possession of the ATV. Here, defendant was not nearly that altruistic; he stated that he did not take the ATV back to Podsedly because it had already been used as a weapon against him. That stated intention, however, is itself substantial evidence to affirm defendant's conviction for the unlawful driving or taking of a vehicle because it shows that defendant intended to deprive Podsedly, if only for a short time, of possession of the ATV.

Defendant also argues that if he "had the specific intent to temporarily or permanently deprive [Podsedly] of title or possession of the ATV, he would not have left the vehicle on what he believed was [Podsedly's] property." We disagree. The unlawful driving or taking a vehicle does not require a permanent deprivation of title or possession. Unlawful driving or taking includes the specific intent to "permanently *or temporarily* deprive the owner" of title or possession. (Veh. Code, § 10851, subd. (a), italics added.) Accordingly, defendant's stated intent not to return the ATV because it had been used against him in the past, even if done only to prevent it from being used against him in the immediate future, still provides substantial evidence from which the jury could find defendant guilty of unlawful driving or taking of a vehicle.

---

[1]     Defendant requested this court to view a DVD of the incident to show "how aggressive [Podsedly] was toward [the girlfriend]." Defendant argues that this video demonstrates that he had to get his girlfriend away from the area and that walking away was not an option. We do not need to discuss whether the video shows what defendant claims. Even if it did, defendant, having taken or driven the ATV with the intent to deprive Podsedly of possession of the vehicle (even if only to prevent Podsedly from following him quickly) would still provide sufficient evidence of the specific intent required under the statute.

4

DISPOSITION

The judgment is affirmed.


      ROBIE      , Acting P. J.



We concur:



      BUTZ      , J.



      MAURO      , J.